**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**HANES HOSIERY DIVISION, HANES CORPORATION, Respondent.**

**No. 12981.**

United States Court of Appeals Fourth Circuit.

Argued May 8, 1969.

Decided July 18, 1969.

Susan Sherman, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and William Wachter, Atty., N. L. R. B., on the brief), for petitioner.

W. S. Blakeney, Charlotte, N. C. (Douglas P. Murray and Blakeney, Alexander & Machen, Charlotte, N. C., on the brief) for respondent.

Before SOBELOFF, BRYAN, and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The National Labor Relations Board seeks enforcement of a cease and desist order which includes a requirement that the Hanes Hosiery Division of Hanes Corporation reinstate David Kenneth Brown with back pay and post an appropriate notice. 168 NLRB No. 111, 67 LRRM 1080 (1967). Finding substantial evidence in the record to support the Board's conclusion that Brown was fired for protected activity in violation of § 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1), we grant enforcement.

On March 22, 1967, most of the forty employees in Hanes Hosiery's shipping department left their work, gathered in the break room adjacent to their work area, and sought to petition management for more pay and more help. They had no union representation. Upon getting a

promise that high management would speak to them later, they dispersed and returned to work within about thirty minutes.[1] Brown was one of two organizers of this protest. Earlier he had moved through the clerk's section of the shipping department drumming up support. His solicitation took about twenty-five minutes. The next day Brown was away from his work station three times, but not, the Board found on substantial evidence, because he was organizing another work stoppage. Brown was fired within a week.

The company concedes that the gathering itself was protected activity within § 7 of the Act. But it argues that Brown was fired not for leading the protest, but for being away from his job and interrupting the work of others the day of the stoppage and the next day.

The Board, however, found that Brown was discharged because he had organized the first protest and was, management thought, going to lead another. This finding is supported by substantial evidence. Brown testified:

"Mr. Ashburn [Brown's foreman] told Mr. Fredricks [the personnel manager], he said, 'I would like to dismiss Kenny [Brown].' And Mr. Fredricks said, 'Well, why?' And he said, 'Well, there's another sit-down. It looks like Kenny is causing the trouble; looks like he's continued to brew it up. So, it would be best to just dismiss Kenney.'"

The superintendent of the shipping department corroborated Brown:

"Q. Wait a minute. But as a matter of fact, the sit-down had nothing to do with his discharge, did it?

\* \* \* \* \* \*

"A. The sit-down itself, the fact that Kenny [Brown] was the one who

went around to the departments to get the people to sit down the first, added to the fact that here he was doing it a second time, yes, this did have something to do with it.

"Q. The fact that he had done it the first time, too?

"A. Added to the fact that he was doing it a second time, yes.

\* \* \* \* \* \*

"Q. So you had Mr. Ashburn [Brown's foreman] make an investigation to determine who caused this work stoppage, right?

"A. Yes, sir.

"Q. And the result of this investigation was that he was the one who caused it, right?

"A. He was the one who came around and got them, yes.

"Q. And this was one of the things to cause you to decide to discharge him?

"A. One of the things, yes, sir."

■ Undoubtedly, the fact that a worker takes part in protected activity does not insulate him from discharge for legitimate business reasons. And "[p]revention of interference with the work of others while they are busy is a common requirement in industrial plants." NLRB v. Wix Corp., 309 F.2d 826, 832 (4th Cir. 1962). But business reasons may not be used as a pretext for a discriminatory firing. NLRB v. Overnite Transp. Co., 308 F.2d 284, 288 (4th Cir. 1962). And if a desire to stifle protected activity is a factor in the employer's decision, the discharge is discriminatory. Winchester Spinning Corp. v. NLRB, 402 F.2d 299, 304 (4th Cir. 1968); NLRB v. Dove Coal Co., 369 F.2d 849, 852 (4th Cir. 1966).

We enforce the Board's order.

---

1. Although both the company and the workers referred to this protest as a "sit-down," it did not involve a seizure of the plant or a refusal to leave the premises. See NLRB v. Fansteel Metallurgical Corp., 306 U.S. 240, 59 S.Ct. 490, 83 L.Ed. 627 (1939); Cone Mills Corp. v. NLRB, 413 F.2d 445 (4th Cir. 1969).